**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12152

Non-Argument Calendar

_____

ALICE MARIE BRUCE,

a.k.a. Alice Bruce,

ROY W. BRUCE,

*Plaintiffs-Appellants,*

*versus*

U.S. BANK NATIONAL ASSOCIATION,

as Trustee, Successor in Interest to
Bank of America,

NATIONAL ASSOCIATION,

as Trustee for Washington Mutual Asset
Backed Certificates,

WMABS SERIES 2006-HE3 TRUST,

NATIONAL ASSOCIATION,

as Trustee by Merger, to Lasalle Bank,

MEGHAN P. KEANE,

Esq., Individually, et al.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-00404-MSS-AEP

———————————————

Before JORDAN, KIDD, and HULL, Circuit Judges.

PER CURIAM:

Alice and Roy Bruce ("the Bruces"), proceeding *pro se*, appeal the dismissal of their lawsuit relating to the foreclosure of their home after Florida state-court proceedings. The district court dismissed the Bruces' lawsuit with prejudice for lack of subject matter jurisdiction. The district court concluded that it lacked jurisdiction because (1) the Bruces did not assert any claims arising under federal law, (2) the Bruces failed to allege adequately diversity of citizenship between the parties, and (3) all of their lawsuit was barred by the *Rooker-Feldman* doctrine.

After review, we conclude that the district court erred by dismissing the Bruces' lawsuit with prejudice for lack of jurisdiction because (1) the Bruces' first amended complaint contained sufficient allegations to trigger, at least at this juncture, federal question jurisdiction, and (2) the district court failed to evaluate the Bruces' six claims individually and instead summarily dismissed them all as barred by the *Rooker-Feldman* doctrine. Accordingly, we vacate the dismissal with prejudice and remand for further proceedings.

# I.  BACKGROUND

We explicate the complicated procedural history to explain the limited nature of what we are deciding.

## A.    Initial Complaint

On February 18, 2025, the Bruces filed a complaint against U.S. Bank National Association ("U.S. Bank"), asserting various Florida state-law and federal statutory claims for relief.  The complaint alleged that U.S. Bank was liable to the Bruces for its actions relating to its efforts to foreclose on their home based on their defaulted mortgage.  The complaint focused primarily on a foreclosure judgment that U.S. Bank obtained against the Bruces in Florida state court on July 18, 2024.

As relief, the complaint sought, among other things, (1) millions of dollars in monetary damages, (2) a declaratory judgment "invalidating all claims against [their] property," and (3) a "[p]ermanent injunction against foreclosure."

The complaint asserted that the district court had subject matter jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332(a)(1).

## B.    Denial of Preliminary Injunction

Soon after filing their initial complaint, the Bruces filed a motion for a preliminary injunction seeking to stop altogether the foreclosure of their home.  The district court denied that motion as procedurally defective.  The Bruces then filed an amended motion seeking the same relief.  The district court denied the

amended motion because it was not "empowered to enjoin final actions of a state court except in very limited circumstances" that were not present in this case.

The Bruces moved for reconsideration of that denial. On February 28, 2025, the district court denied the Bruces' motion for reconsideration with prejudice. The district court explained in more detail that under the *Rooker-Feldman* doctrine it lacked jurisdiction to intervene in the state court foreclosure proceedings or provide relief from the state court foreclosure judgment. The district court reasoned that because the relief that the Bruces sought would require it "to review and reject the state court's judgment," the Bruces' action "[fell] squarely within the scope of *Rooker-Feldman*."[1]

## C.    March 13 First Amended Complaint

On March 13, 2025, the Bruces then filed an amended complaint with six claims for relief. The amended complaint contained allegations encompassing a timeline of the Bruces' mortgage, the actions of U.S. Bank and its predecessors in interest with respect to the mortgage, U.S. Bank's efforts to foreclose, and U.S. Bank's foreclosure sale of their home on March 10, 2025.

For Count 1, the Bruces asserted a Florida-law claim of "wrongful foreclosure." The Bruces alleged that U.S. Bank (1) initiated the foreclosure proceedings "without standing," (2) did

---

[1] This is a traditional application of the *Rooker-Feldman* doctrine, and the district court's denial of this injunction is not an issue in this appeal.

not have a valid assignment as to the mortgage, (3) proceeded with foreclosure despite the fact that the mortgage debt had been cancelled, (4) conducted the foreclosure sale without proper statutory notice under Florida law, and (5) sold the property "with knowledge of fatal defects in chain of title."

For Count 2, the Bruces asserted a Florida-law claim of "civil theft of property," contending that U.S. Bank "committed civil theft" by, among other things, (1) initiating the state court foreclosure action without owning the mortgage debt and (2) selling the property without legal authority.

For Count 3, the Bruces asserted a Florida-law claim of "breach of chain of title and void assignments." For this claim, the Bruces merely incorporated their allegations regarding the factual background of the mortgage and foreclosure without including any additional allegations.

For Count 4, the Bruces did the same incorporation of prior allegations and asserted a claim of "violations of federal consumer protection laws."

For Count 5, the Bruces asserted that U.S. Bank violated the federal Fair Debt Collection Practices Act ("FDCPA") by, among other things, (1) conducting the foreclosure sale while knowing that the mortgage debt had been canceled, (2) misrepresenting the character, amount, and status of the mortgage debt, and (3) conducting the foreclosure sale without legal authority.

For Count 6, the Bruces asserted a Florida-law claim of "quiet title," which sought to establish their rights as to the property and "[n]ullify" the foreclosure sale.

## D.    March 26 Second Amended Complaint

On March 26, 2025, (thirteen days later) the Bruces filed a second amended complaint that (1) contained more alleged factual details, and (2) slightly changed the claims asserted against U.S. Bank.

The second amended complaint also asserted new claims against new defendants (1) Meghan Keane, the attorney who represented U.S. Bank in the state foreclosure and present federal court proceedings and (2) Bitman O'Brien, PLLC ("Bitman law firm"), the law firm that represented U.S. Bank in those proceedings and employed Keane.  The Bruces again sought largely the same relief as in the first two complaints.

For Count 1, the Bruces sought a declaratory judgment that, among other things, (1) their mortgage debt was discharged back in 2014, (2) U.S. Bank lacked standing to foreclose, and (3) all of U.S. Bank's actions relating to the foreclosure were void.

For Count 2, the Bruces reasserted their Florida-law quiet-title claim.

For Count 3, the Bruces alleged that U.S. Bank was liable under the federal Truth in Lending Act ("TILA") for the actions of its predecessor in interest—JPMorgan Chase Bank—regarding a 2014 modification of the mortgage loan.  Specifically, the Bruces

asserted that JPMorgan Chase (1) failed to provide proper disclosures for the modification, (2) misrepresented the true nature of the modification, and (3) failed to disclose accurately the principal amount of the mortgage loan after the modification.

For Count 4, the Bruces alleged that U.S. Bank violated the federal Real Estate Settlement Procedures Act ("RESPA") because its servicer failed to respond properly to the Bruces' qualified written requests relating to the foreclosure.

For Count 5, the Bruces realleged their federal FDCPA claim.

For Count 6, the Bruces alleged that U.S. Bank violated the Florida Consumer Collection Practices Act ("FCCPA") based on the same actions alleged in Count 5.

For Counts 7 and 8, the Bruces asserted that lawyer Keane and the Bitman law firm lacked authority to represent U.S. Bank in the state court foreclosure proceedings and misrepresented facts in those proceedings.

For Count 9, the Bruces asserted that all defendants engaged in fraudulent transactions and misrepresentations in their handling of the mortgage debt and efforts to foreclose on the property.

Lastly, for Count 10, the Bruces reasserted their Florida-law claim for "breach of chain of title and void assignments."

### E.     U.S. Bank's April 8 Motion to Dismiss the Suit and Strike the Second Amended Complaint

On April 8, 2025, U.S. Bank moved to dismiss the first amended complaint and to strike the second amended complaint. U.S. Bank argued that all claims in the first amended complaint (1) were barred by the *Rooker-Feldman* doctrine, (2) were barred by collateral estoppel and *res judicata* since they were already litigated in the state court proceedings, (3) failed to state a valid claim since every claim was based on the legally erroneous conclusion that U.S. Bank lacked authority to foreclose, and (4) were taken together an impermissible shotgun pleading.

As to striking the second amended complaint, U.S. Bank pointed out that (1) the Bruces amended their complaint once as of right, (2) under Federal Rule of Civil Procedure 15(a) they needed to obtain leave of the district court or written consent from U.S. Bank to file the second amended complaint, and (3) the Bruces had obtained neither leave from the district court nor U.S. Bank's consent.

### F.     The Bruces' April 11 Motion to Amend the Complaint

After U.S. Bank filed its motions to dismiss and strike, the Bruces moved for the district court to retroactively grant them leave to file the second amended complaint under Rule 15(a).

On May 29, 2025, the Bruces even filed a motion for leave to file a third amended complaint.

## G.    May 30 Dismissal Order

On May 30, 2025, the district court dismissed the "case" with prejudice for lack of jurisdiction.  The district court's order did not rule on (1) U.S. Bank's April 8 motion to strike the second amended complaint, (2) the Bruces' April 11 motion for leave to file the second amended complaint, or (3) the Bruces' May 29 motion for leave to file a third amended complaint.  The order simply contained a jurisdictional ruling dismissing the "case."

First, the district court determined that it lacked federal question jurisdiction over the case because U.S. Bank's state court foreclosure complaint did not assert a federal cause of action, and U.S. Bank's right to foreclose did not depend on the resolution of any federal issue.

Second, the district court concluded that it lacked diversity jurisdiction because "the Complaint [did] not adequately allege the citizenship of each Defendant."

Lastly, the district court stated that, "[e]ven if the requirements of diversity jurisdiction were met," it nevertheless lacked jurisdiction to hear the case under the *Rooker-Feldman* doctrine.  The district court explained that it had already determined in the February 28, 2025, order—which denied the Bruces' motion for reconsideration of the denial of a preliminary injunction—that the *Rooker-Feldman* doctrine barred it "from exercising jurisdiction in the state court proceedings."  Rather than examining the individual six counts in the first amended complaint,

the district court summarily dismissed the whole "case" as barred by *Rooker-Feldman*.

### H.    June 5 District Court Order

In a separate order, on June 5, 2025, the district court denied as moot the Bruces' motion to file a third amended complaint because of the dismissal order. The district court noted that "[t]he Motion was filed the day before the dismissal Order and appears to have been crossed in the mail with" the dismissal order.

### I.    The Bruces' June 17 Motion for Relief from the Dismissal

On June 17, 2025, the Bruces moved for relief from the May 30 dismissal order under Federal Rule of Civil Procedure 60(b), which the district court denied. On June 24, 2025, the Bruces filed a timely notice of appeal challenging the May 30, 2025 dismissal order.

## II.  STANDARD OF REVIEW

We review a district court's determination that it lacks subject matter jurisdiction *de novo*. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021).

## III.  DISCUSSION[2]

Based on the procedural history, the operative complaint at the time of the May 30 dismissal order was arguably the first

---

[2] The Bruces move to supplement the record on appeal with a document that they claim factually proves that fraud was committed in relation to their mortgage after the state court entered the foreclosure judgment. We **DENY** this motion. This document is irrelevant to the jurisdictional issues presented

amended complaint.  The district court had not ruled on the Bruces' motion for leave to file the second amended complaint or U.S. Bank's motion to strike it.  We need not decide which of the amended complaints was the operative pleading because the district court's dismissal for lack of jurisdiction was erroneous in either event for the reasons laid out below.

## A.    Federal Question Jurisdiction

First, the district court erred by concluding that it lacked federal question jurisdiction over the "case."

Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."    28 U.S.C. § 1331.    "'Arising under' jurisdiction—more often known as federal-question jurisdiction—enables federal courts to decide cases founded on federal law. A suit most typically falls within that statutory grant 'when federal law creates the cause of action asserted.'"  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented

---

by this appeal.  *See Est. of Keeter v. Comm'r of Internal Revenue*, 75 F.4th 1268, 1288 (11th Cir. 2023) (explaining that this Court only enlarges the record on appeal in exceptional circumstances).  In any event, we review the factual record in the district court below, and to the extent the Bruces seek to add facts to that record, we also deny the motion to supplement.

on the face of the plaintiff's properly pleaded complaint." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155-56 (11th Cir. 2024) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The well-pleaded complaint rule means that a federal question is 'presented' when the complaint—on its face—invokes federal law as the basis for relief." *Id.*

Here, both the first and second amended complaints each assert at least one claim that "invokes federal law as the basis for relief." *See id.* In their first amended complaint, the Bruces asserted that U.S. Bank violated the FDCPA by attempting to foreclose on their property despite the fact that their mortgage debt had purportedly been previously cancelled. And in their second amended complaint, the Bruces reasserted their FDCPA claim and separately alleged that (1) U.S. Bank was liable under the TILA based on the actions of its predecessors in interest with respect to a 2014 modification of the mortgage loan, and (2) U.S. Bank violated the RESPA by failing to properly respond to their qualified written requests relating to the foreclosure through its servicer.

These alleged claims seeking relief under federal statutes, even if later shown as subject to dismissal, are facially enough to provide the district court with subject matter jurisdiction under 28 U.S.C. § 1331. *See Royal Canin*, 604 U.S. at 26. The district court was therefore also empowered to consider whether, in its discretion, to exercise supplemental jurisdiction over the Bruces' state-law claims. *See id.* at 27.

**B.**    *Rooker-Feldman*

The district court also erred by alternatively concluding that the "case" was barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is derived from the Supreme Court cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, a federal district court may not hear a case that is effectively an appeal from a state court decision. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). The Supreme Court has explained that the *Rooker-Feldman* doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The district court erred in its application of the *Rooker-Feldman* doctrine in three respects.

First, the district court did not conduct the necessary "claim-by-claim" analysis that the *Rooker-Feldman* doctrine requires. *See Behr*, 8 F.4th at 1213. As this Court has explained, in applying the *Rooker-Feldman* doctrine, district courts should not ask "whether the whole complaint seems to challenge a previous state court judgment" but should instead use "a more targeted approach," asking "whether resolution of each individual claim requires review and rejection of a state court judgment." *Id.* The

district court did not review whether each of the Bruces' claims individually sought review of the state court foreclosure judgment but instead concluded that their complaint generally was seeking such review.

Second, the district court erred by concluding that dismissal of the entire action was warranted because the Bruces have asserted at least some claims that are not barred by *Rooker-Feldman*. For example, in their first amended complaint, the Bruces asserted a claim for damages against U.S. Bank for violation of the FDCPA.

And in their second amended complaint, the Bruces asserted the same claims against U.S. Bank as well as (1) violation of the TILA, (2) violation of the RESPA, (3) violation of the FCCPA, and (4) fraud relating to the mortgage debt generally and the foreclosure proceedings specifically.

The Bruces also asserted claims for damages against the attorney and law firm that represented U.S. Bank in the state court foreclosure proceedings for "unauthorized practice and misrepresentation" and fraud. These claims do not appear to directly seek to overturn the state court foreclosure judgment. *See Exxon Mobil*, 544 U.S. at 284.

That is not to say that none of the Bruces' claims are barred by *Rooker-Feldman*. For example, the Bruces clearly attempted to overturn the state court foreclosure judgment by (1) seeking a declaratory judgment voiding the foreclosure, (2) asserting a claim of quiet title as to their property, and (3) seeking an injunction blocking the foreclosure sale. Regardless, other claims seek relief

for damages under federal statutes that do not seem at this time to be based on overturning the state court foreclosure judgment. So the district court's decision to dismiss the case as a whole based on that doctrine was legally erroneous.

Lastly, the district court also erred by dismissing the case with prejudice on jurisdictional grounds. *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice."); *Target Media*, 881 F.3d at 1284 ("*Rooker-Feldman* raises a question about our subject matter jurisdiction . . . .").

## IV. CONCLUSION

The district court erred by dismissing the Bruces' "case" with prejudice for lack of jurisdiction. On remand, the district court should address U.S. Bank's motion to strike the second amended complaint and the Bruces' motion for leave to amend to add the second amended complaint. After deciding which pleading is the operative complaint, the district court may then conduct the claim-by-claim analysis required by the *Rooker-Feldman* doctrine and any other applicable jurisdictional analysis. *See Behr*, 8 F.4th at 1213. We leave it fully to the district court in the first instance how best to handle all of the proceedings on remand.

The May 30, 2025 order dismissing the case with prejudice is **VACATED**, and we **REMAND** the case for further proceedings consistent with this opinion.